NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| REGINALD LEE DAVIS,<br><br>            Plaintiff<br><br>   v.<br><br>KEEFE COMMISSARY NETWORK, et al.,<br><br>           Defendants | Civil No. 24-4755 (RMB-SAK)<br><br>OPINION |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the complaint (Dkt. No. 1) filed *pro se* by Plaintiff Reginald Lee Davis, a pretrial detainee who is confined in Burlington County Jail, Mount Holly, New Jersey. Plaintiff submitted an *in forma pauperis* ("IFP") application under 28 U.S.C. § 1915(a) (Dkt. No. 1-1), which establishes his financial eligibility to proceed without prepayment of the filing fee. The Court must review the complaint under 28 U.S.C. §§ 1915(e)(2)(B), which requires courts to dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *Id.*

I. **DISCUSSION**

    A.    **Standard of Law**

1

The standard for dismissal for failure to state a claim under § 1915(e)(2)(B) is the same as the standard for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). The Rule 12(b)(6) standard requires that "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" and formulaic recitation of the elements required to state a cause of action do not suffice to state a claim. *Id.* (quoting *Twombly*, 550 U.S. at 555).

B.   **The Complaint**

The defendants named in the complaint are Keefe Commissary Network, Finance Department, Indian Dees States and Nations Isles Colonies Et. The allegations in the complaint are incomprehensible. Plaintiff submitted a series of letters after his initial filing, but these too are almost entirely incomprehensible,[1] including such things as covers from and pages out of books. (Dkt. Nos. 4-11.) "[A] complaint may be dismissed for factual frivolousness 'when the facts alleged rise to the level of the irrational or the wholly incredible.'" *El-Bey v. United States*, 619 F.

---

[1] In one letter, Plaintiff states he has been detained in Burlington County Jail for nineteen months without going to Court. (Dkt. No. 6.) The letter otherwise contains meaningless strings of words. Plaintiff may raise a due process claim by asserting it in an amended complaint, against a proper defendant, and by pleading additional facts concerning any legal process throughout his detention. *See e.g. Jauch v. Choctaw Cnty.*, 874 F.3d 425, 431 (5th Cir. 2017) (prolonged-detention cases do raise the immediate question of whether the pre-trial detainee's procedural due process rights have been violated.)

App'x 53, 54 (3d Cir. 2015) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

The complaint will be dismissed as frivolous.

### III. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application and dismiss the complaint without prejudice as frivolous.

An appropriate Order follows.

**DATE:  September 18, 2024**

s/Renée Marie Bumb
Renée Marie Bumb
Chief United States District Judge
